Davis *v.* Cullums.

4-6981                                           168 S. W. 2d 1103

Opinion delivered March 1, 1943.

*W. F. Reeves,* for appellant.

*Opie Rogers,* for appellee.

SMITH, J.   This appeal is from a decree sustaining a demurrer to a petition and complaint which contained allegations to the following effect: On September 6, 1938, appellants, R. F. Davis and his wife, resided on an 80-acre tract of land, which was their homestead. On the date mentioned, Davis conveyed the land to his wife, which deed was duly recorded on September 8, 1938. On January 18, 1939, appellee, Collums, recovered a judgment against Davis in the court of a justice of the peace, which, on appeal to the circuit court, was affirmed on March 8, 1939, in the sum of $128.09. In the fall of that year Davis and his wife moved to the state of California. A tenant of Mrs. Davis was left in possession of the homestead. Later, in the same fall, appellee Cullums filed suit in the chancery court of Van Buren county to set aside and cancel the deed from Davis to his wife, upon the ground that it had been executed for the fraudulent purpose of preventing Collums from collecting his debt against Davis.

The service of process in this suit was by the publication of a warning order, issued upon the affidavit of Cullums, reciting that Davis and his wife "are non-residents of the state of Arkansas and that they live somewhere in California, the exact whereabouts of which I do not know."

An attorney for the non-resident defendants was appointed November 11, 1939. Under date December 27, 1939, this attorney made report that he had used every reasonable effort to locate the defendants, and had written them a letter advising them of the pendency and nature of the suit against them. He did not state to what address he had written the letter.

On January 1, 1940, a decree was rendered upon this service, which recited that, upon the pleadings and documentary evidence, the court had found that the deed from Davis to his wife was executed for the fraudulent

purpose of defeating Cullums and other creditors in the collection of their just debts against Davis, and the cancellation of the deed from Davis to his wife was decreed upon that account.

After the rendition of the decree, the land was sold under an execution issued upon the judgment in favor of Cullums against Davis, and Cullums became the purchaser at this sale.

On November 25, 1941, Davis and his wife prepared a motion and complaint, setting out the facts herein above recited, in which it was prayed that the decree against them cancelling the deed from Davis to his wife be reopened, and be retried, and that the sheriff's deed based upon the execution sale be canceled.

This petition and complaint were heard April 6, 1942, on a demurrer thereto, and the demurrer was sustained and the petition and complaint were dismissed as being without equity, and this appeal is from that decree.

This appeal involves the applicability of § 8222 of Pope's Digest, which reads as follows:

"NEW TRIAL IN TWO YEARS. Where a judgment has been rendered against a defendant or defendants constructively summoned and who did not appear, such defendants or any one or more of them may at any time within two years, and not thereafter, after the rendition of the judgment, appear in open court and move to have the action retried; and, security for the costs being given, such defendant or defendants shall be permitted to make defense, and thereupon the action shall be tried anew as to such defendant or defendants as if there had been no judgment, and upon the new trial the court may confirm, modify or set aside the former judgment and may order the plaintiff in the action to restore to any such defendant or defendants any money of such defendant or defendants paid to them under such judgment, or any property of such defendants obtained by the plaintiff under it and yet remaining in his possession and pay to the defendant the value of any property which may have been taken under an attachment in the action or under the judgment and not restored; provided the provisions

of this section shall not apply to judgments granting a divorce except so far as relate to alimony. Act March 4, 1887, p. 53.''

Appellee insists that no relief can be afforded appellants under this section for the reason that the motion to set aside and reopen the decree cancelling the deed from Davis to his wife was not presented in open court until April 6, 1942, which was more than two years after the rendition of the decree sought to be reopened. But this statute of limitations would cease to run when the motion to reopen was filed, regardless of the time when the motion was presented in open court or was heard and disposed of.

The right to file this motion to reopen is available and applicable under this statute, as a matter of right, in favor of a defendant constructively served with process; and the proper practice under this statute was defined in the case of *Gleason* v. *Boone,* 123 Ark. 523, 185 S. W. 1093, where it was said: ''The judgment or decree sought to be reopened remained in full force and effect until the case is retried, to be then confirmed, modified or set aside.''

The allegations herein are that Davis had conveyed his homestead to his wife, an act of which no creditor had the right to complain, and that the land had not been abandoned, as a homestead, as Davis and his wife were absent temporarily in California. It may be said, in this connection, that there was no judgment for debt against Mrs. Davis, and, if she acquired the title as alleged, it was not thereafter subject to sale in satisfaction of her husband's debts. It has been many times held that a creditor may not complain that a homestead has been conveyed in fraud of creditors. In the case of *White* v. *Turner,* 203 Ark. 95, 155 S. W. 2d 714, a headnote reads as follows: ''As to a homestead there are no creditors, except as expressly provided by art. 9, § 3, of the constitution.''

Now, it is not alleged, or shown, that appellant petitioners have given the bond required by § 8222 of Pope's Digest; but it is true also that no order has yet been

made to reopen and retry the case. If, and when, that order is made, the court may, and, unless the bond is waived, should, require that it be given to cover the costs of a retrial, and, unless the bond is waived, should refuse a retrial of the cause.

In the case of *Robbins-Sanford Mer. Co.* v. *Johnson*, 166 Ark. 330, 266 S. W. 260, Johnson, upon whom service was had by publication of a warning order, appeared and prayed that a lien be declared in his favor upon the proceeds of a foreclosure sale. He did not give the bond then required by § 6259 of Kirby's Digest (§ 8222 of Pope's Digest), and upon that question it was there said: "It is true that Johnson did not give the bond required by the statute, but the fund on which he sought to obtain a lien was still in the hands of the court, and no prejudice could have resulted to appellant from his failure to give the bond required by parties constructively summoned, who seek a retrial of the action within the time prescribed by statute."

So, here, the subject-matter of the suit in which the decree was rendered—the homestead—is under the control of the court, and the bond provided for by the statute may yet be given, if required.

The decree of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

GRIFFIN SMITH, C. J., dissenting. This case grew out of failure of the homestead-owner to pay a grocery bill amounting to more than a hundred dollars. As a safeguard against any rights his creditors might have, Davis conveyed to his wife the property in dispute. The family moved to California and left the grocer to shift as best he might. Of course, not being a resident of Arkansas, Davis' homestead would not be exempt; hence it was necessary, in order to consummate the plan of debt-evasion, to place the property in "innocent" hands. He may succeed with this scheme if we give § 8222 of Pope's Digest a liberal construction; and ordinarily this would be done.

But does the policy of liberal construction require, in the instant case, that the trial court's action in declining to set aside the decree avoiding R. F. Davis' deed to his wife be reversed? I think not. The applicable statute provides that in order to set aside a judgment rendered on constructive service the defendant shall appear *in open court* within two years, *and not thereafter*. The majority opinion holds that this limitation was tolled when the complaint, petition, or motion, was filed with the clerk.

It seems to me that the General Assembly, in enacting the statute of which § 8222 is a copy, intended that the proceeding to vacate a judgment of the kind referred to should be brought to the attention of the court within the time expressed—that is, two years. "Open court," as shown by decisions collected in Words and Phrases, v. 29, p. 523, means a court formally opened "and engaged in the transaction of judicial affairs to which all persons who conduct themselves in an orderly manner are admitted." Another decision cited by Words and Phrases holds that the term "open court" signifies the time when the court can exercise its functions. In another case (*People* v. *Margelis,* 224 N. W. 605, 246 Mich. 459) it was said that "open court" means a court with a judge presiding ". . . and a judge is not presiding in open court while absent from the courtroom and beyond knowledge of what was going on."

I think appellants' motion, petition, or complaint, came too late.

Mr. Justice ROBINS concurs in this dissent.