MID-CONTINENT PETROLEUM CORPORATION *v.* SMITH.

4-2815

Opinion delivered January 23, 1933.

*J. C. Denton, I. L. Lockewitz* and *Dwight L. Savage,* for appellant.

*John Mayes,* for appellee.

MEHAFFY, J. On May 28, 1931, the appellees were the owners of an automobile service station in Fayetteville, Arkansas, and executed in writing a lease called the "Private Service Station Lease," for the period of from June 1, 1931, to June 1, 1934, and, on the same day the appellant executed to appellees a license called "Private Service Station License Agreement," for the same period of time. It was provided in each of the instruments that the appellant might revoke the license upon giving 10 days' notice, and might terminate the lease by giving a like notice and paying $5.

Some time about January 22, 1932, the appellant served notice upon appellees of the cancellation of the license. It did not undertake to cancel the lease. At the same time that it served notice of the cancellation of the license, it offered another contract to appellees, which they declined to accept.

In June, 1932, appellees filed this suit in the Washington Chancery Court for the cancellation of both the lease and license. It alleged, among other things, that they were procured by fraud. Considerable evidence was taken on the question of whether the lease was procured by fraud.

The property on which the lease was given was the homestead of appellees, and consisted of a two-story building, a portion of the first floor being occupied by a grocery, which extended the entire length of the building. There is a garage, and in front of the office and store building is the filling station. Appellees live above, occupying the whole of the second floor, and their dwelling extended over the filling station and land described in the lease.

Appellees are husband and wife, and the lease was not acknowledged by either.

Section 5542 of Crawford & Moses' Digest is as follows: "No conveyance, mortgage, or other instrument affecting the homestead of any married man shall be of any validity except for taxes, laborers' and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same."

The only question we find it necessary to determine is whether the lease was void because it was not acknowledged by the wife, and, that being true, it is unnecessary to set out the testimony with reference to fraud.

Our Constitution provides for homesteads, and the section we have above quoted provides that no instrument affecting the homestead shall be of any validity unless the wife acknowledges the instrument.

It is contended by appellant that it is unnecessary for the wife to sign and acknowledge a lease where it does not interfere with the comfortable use of the property as a homestead. It says that a leading case on the subject is *Millikin* v. *Carmichael,* 139 Ala. 226, 35 So. 706, 101 Am. St. Rep. 29.

The statute of Alabama, however, is somewhat different from ours. It provides that no mortgage, deed, or other conveyance of a homestead by a married man shall be valid without the voluntary signature and assent of the wife, etc. Our statute makes invalid any instrument affecting the homestead, but the court, in the case of *Millikin* v. *Carmichael, supra,* said: "The authorities are not

uniform as to the right of the husband alone to lease the homestead premises, for this right has been both affirmed and denied. The most satisfactory rule would seem to be that the husband alone may lease the homestead lands for purposes not interfering with the use of the property as a homestead, but cannot do so when the lease interferes with such possession and enjoyment of the premises by the wife.''

In that case the lease was to box and take from pine trees standing on the homestead gum or resin, and the court said that it did not deteriorate the value of the trees, diminish the value of the land, or otherwise impair its value as a homestead, but rather that its value was enhanced, and its use and occupancy as a homestead rendered more valuable.

Under statutes like the Alabama statute, it has been held, not only by the Alabama court, but by some other courts, that a lease like the one in the Alabama case, that in no way interfered with the occupancy of the homestead, did not require the signature and acknowledgment of the wife; but those cases all hold that, if it does in any way interfere with the use, occupancy and enjoyment of the homestead, the lease is void unless the wife signs and acknowledges same.

Taking gum and resin from pine trees in the forest would probably in no way affect the use or enjoyment of the homestead, whereas a stranger conducting a filling station right under the living rooms of the parties would certainly interfere with the occupancy and enjoyment of the homestead.

The same rule is announced in 15 A. & E. Enc. of Law, 674, and it is said in a note in the case of *Mailhot* v. *Turner,* 133 Am. St. Rep. 333, that a lease of the homestead property amounts to such an alienation as to render it void when executed by one of the spouses only, when it interferes with the possession and enjoyment of the premises as a homestead. If he may do so for a period of five years, as attempted in that case, he may continue

to lease the premises for a longer period, and even for an indefinite period.

If the parties could execute the lease in this case, they could do it for an indefinite period. If appellants could occupy the space in front of and under the floor where the parties were living without the wife's consent and acknowledgment, then a valid lease could be given on any part of the building occupied as a homestead. We know of no court, however, that has ever held that this could be done.

In the case of *Bacon* v. *Mirau*, 148 Minn. 248, 180 N. W. 579, cited and relied on by appellant, the court said: "In this case the lease was of a business appendage, not a part of the residence, and the lease of it in no sense interfered with the family occupation, but added to the family income."

Not only is our statute different from the statutes construed in the cases relied on by appellant, but this court has said, with reference to an oil and gas lease affecting the homestead: "In this connection it may be stated that under our statute no conveyance or other instrument affecting the homestead shall be of any validity except in certain enumerated cases, unless the wife joins in the execution of the instrument, and acknowledges it." *Miles* v. *Jerry*, 158 Ark. 314, 250 S. W. 34.

Under our statute, no instrument affecting the homestead is valid unless the wife joins in the instrument and acknowledges the same, and this is true, although it might not interfere with the occupancy and enjoyment of the homestead.

In the last case referred to, the court was discussing a gas and oil lease, and held in that character of lease that the wife must join and acknowledge to make it valid.

Any instrument affecting the homestead must be acknowledged by the wife, and, if not, such instrument is void.

The decree of the chancery court is affirmed.