FRANKS *v.* WOOD.

4-9158                                        228 S. W. 2d 480

Opinion delivered April 3, 1950.

*Harvey L. Joyce* and *Glen Wing,* for appellant.

*James R. Hale,* for appellee.

DUNAWAY, J. Appellant, Ouida Franks, appeals from a decree of the Washington Chancery Court giving Bennie Wood, appellee, a lien against 8.92 acres of land for the digging of a water well on said property.

The facts are undisputed: The land in question was conveyed on November 7, 1947, to appellant and Hugh Franks, husband and wife, creating in them an estate by the entirety. After a separation in July, 1948, they entered into a property settlement agreement on August 3, 1948, the making of which agreement was recited in a final decree of divorce rendered August 28, 1948. Each party executed a quitclaim deed to the other as to the land in controversy, which deeds were placed in escrow. Under the terms of the property settlement, Hugh Franks was given possession of the land and was to pay appellant $1,000 plus ten per cent. interest on or before August 1, 1949; he was also to keep up the payments due the mortgagee of said property. In the event of his default, the escrow agent was to deliver to appellant the deed executed by Hugh Franks, and Franks was to relinquish possession of the property. Upon full payment by Franks of the agreed sum, the deed executed by appellant was to be delivered to him.

On December 1, 1948, while Franks was in possession he entered into an oral contract with appellee to dig a water well on the premises. The work was started and continued until February 1, 1949. Labor and materials in the amount of $153 were furnished.

Franks defaulted in the mortgage payments in January, 1949. When appellant learned of this in February,

1949, she made the past-due payments and received and had recorded the deed from Hugh Franks to her on February 23, 1949. She thereafter took possession.

On March 15, 1949, appellee filed his lien for the amount due for labor and materials in digging the well, under the provisions of Ark. Stats. (1947), § 51-701. The pertinent parts of that section read as follows: "Any persons, . . . who shall under contract, . . . with the owner or lessee of any land, . . . perform labor or furnish fuel material, machinery or supplies, used in the digging, drilling, . . . any . . . water well, . . . shall have a lien on the whole of such land or leasehold interest therein, . . . the buildings and appurtenances, and upon the materials and supplies so furnished, . . . ." In Ark. Stats. (1947), § 51-708, it is provided that the foregoing lien shall be enforced in like manner and in the same time as liens of mechanics. See Ark. Stats. (1947), §§ 51-608 and 51-613, providing that the lien shall be filed with the circuit clerk of the county in which the work is done within ninety days after the last work is done or materials furnished.

Appellant had no knowledge of the contract with appellee and no notice that the work was being done until after the well was completed.

The Chancellor decreed that appellee had a lien on all the land to secure the account with interest, which totalled $160.31 and ordered the same foreclosed and the land sold, subject to the prior mortgage. Personal judgment was rendered against Hugh Franks, but not against appellant as had been prayed. On this appeal it is appellant's contention that the contract of Hugh Franks with appellee was in no way binding on her, that he was not the "owner" of the property in question and did not have any interest in the land which would enable him to charge it with a lien.

The mere execution of the quitclaim deeds by Ouida and Hugh Franks did not transfer any interest in the land. Until the deed of Hugh Franks was delivered to appellant in accordance with the terms of their agree-

ment, the estate by the entirety by which they held this property was not affected. The decree of divorce did not attempt to change this estate, as might have been done under authority of Act 340 of the Acts of 1947. A consideration of that Act is therefore unnecessary.

The nature of an estate by the entirety and the extent to which husband and wife may alienate or subject their respective interests therein to their individual obligations are discussed in an article, "Estates by the Entirety in Arkansas," in 6 University of Arkansas Law School Bulletin 13. Either spouse may transfer his interest in the estate by the entirety, including his right of survivorship, but may not thus affect the interest of the other. *Simpson* v. *Biffle,* 63 Ark. 289, 38 S. W. 345. See, also, *Branch* v. *Polk,* 61 Ark. 388, 33 S. W. 424, 30 L. R. A. 324, 54 Am. St. Rep. 266. In *Moore* v. *Denson,* 167 Ark. 134, 268 S. W. 609, it was held that the interest of either spouse is subject to sale on execution to satisfy a judgment against him. There we said at page 139 (quoting from *Branch* v. *Polk, supra*): "They each are entitled to one-half of the rents and profits during coverture, with power to each to dispose of or charge his or her interest, subject to the right of survivorship existing in the other." See, also, *Pope* v. *McBride,* 207 Ark. 940, 184 S. W. 2d 259.

It follows therefore that Hugh Franks at the time the contract was entered into with appellee was the owner of an interest in the property in question which could be subjected to a well-digger's lien. He could not, however, affect the interest of his ex-wife without her knowledge or consent. The statutory lien as to Hugh Franks' interest was not defeated by the delivery and recordation of his quitclaim deed on February 23, 1949, even though the lien was not filed until March 15, 1949. Under our decisions this lien, if filed within the ninety-day period allowed by the statute, relates back to the time the labor and material were furnished and is superior to intervening incumbrances and conveyances. *White* v. *Chaffin,* 32 Ark. 59; *Bell* v. *Koontz,* 172 Ark. 870, 290 S. W. 597. Consequently appellee's lien as to Franks' interest had

already attached before his deed to appellant became effective.

The cause is affirmed in part, reversed in part and remanded with directions that the decree be modified in accordance with this opinion.