SNODGRESS *v.* HUFF.

4-9317                                   234 S. W. 2d 505

Opinion delivered December 11, 1950.

*Fred A. Snodgress,* for appellant.

*Digby & Tanner,* for appellee.

HOLT, J. Proceeding under Ark. Stats. 1947, §§ 51-701 *et seq.,* appellee, P. D. Huff, brought this action to recover $103.64 alleged due for labor performed and material furnished in drilling a water well for appellant, Charles Crider, and to foreclose a lien on the property on which the well was drilled. (Some phases of this lien statute, not material here, were considered in the recent case of *Franks* v. *Wood,* 217 Ark. 10, 228 S. W. 2d 480).

He alleged that he made a verbal contract in April, 1948, with Crider and wife, owners of the property, to drill the well and that the other appellants claim some interest in the property but that their interests were inferior to appellee's.

The evidence appears not to be in dispute and appellants do not question appellee's procedure in asserting a lien.

Material facts support the following findings of the Chancellor. "Fred Snodgress was the original record owner of the property involved in this controversy and he conveyed all his right, title and interest in said property to the defendants, (appellants) Melvin Eakins and Laura Eakins, his wife, by warranty deed, which said deed has never been placed of record in this county; that the defendant, Charles Crider, was married to the niece of the defendant, Melvin Eakins, and that the defendants, Melvin Eakins and Laura Eakins, his wife, sold or agreed to sell to the defendant, Charles Crider, the property involved in this controversy and hereinafter described, which said property adjoins the property owned and occupied by said defendants, Melvin Eakins and Laura Eakins, his wife, (not involved herein). That

the defendant, Charles Crider, and wife, entered into possession of subject property, commenced the erection of a dwelling house thereon and subsequently entered into an oral contract with the plaintiff for the drilling of a water well on subject premises. That the water well was drilled for the defendant, Charles Crider, on or about the 16th day of April, 1948, and that the defendants, Melvin Eakins and Laura Eakins, his wife, and each of them, had actual knowledge that the defendant, Charles Crider, was contemplating the drilling of the well; that the plaintiff, P. D. Huff, drove his drilling rig and equipment over and across the land owned and occupied by the defendants, Melvin Eakins and Laura Eakins, his wife, in order to reach the land occupied by the defendant, Charles Crider, and that the defendants, Melvin Eakins and Laura Eakins, his wife, made no objections thereto; that thereafter, and on June 1, 1949, the defendant, Charles Crider, executed his promissory note in the sum of Five Hundred Twenty-Five and No/100 ($525.00) Dollars, payable in 31 monthly installments, to cover the purchase price of subject property, which said promissory note recited that a warranty deed had that day been executed by Melvin Eakins and Laura Eakins, his wife, to Charles Crider, and that a lien was retained to secure the payment of the purchase price; that said deed was either never executed or never filed for record in this county. * * *

"That the said Charles Crider made payments on said promissory note in the sum of Twenty-Five and No/100 ($25.00) Dollars, and then defaulted in the payments thereof, and that there is now due and owing the defendant, Fred Snodgress, assignee of the defendants, Melvin Eakins and Laura Eakins, his wife, the sum of Five Hundred and No/100 ($500.00) Dollars and interest; that said Charles Crider was the equitable owner of subject land and premises, the legal title being held in Melvin Eakins and Laura Eakins, his wife, to secure the payment of the purchase price evidenced by said promissory note; that upon completion of said payments, Crider would have been entitled to a deed of convey-

ance and would hold the legal title to said property; that he defaulted in the payments, owing a balance thereon, but that neither the defendants, Melvin Eakins and Laura Eakins, his wife, nor their assignee, Fred Snodgress, have elected to, or have instituted foreclosure proceedings to foreclose the equity of the said Charles Crider nor has the said Charles Crider relinquished his equity and claim in said premises."

The trial court awarded appellee, Huff, a judgment against Crider only and declared a first lien in his (Huff's) favor on Crider's equitable interest only in said property and ordered said interest of Crider sold to satisfy said lien. The effect of the decree was to order a sale of the property subject to the vendor's lien above and affected Crider's interest only.

We hold that the decree was correct.

As has been indicated, Crider, at the time he contracted with appellee, Huff, to drill the well, and at the time it was completed, owned an equitable interest in the property by virtue of his agreement to purchase, and subsequent purchase, from the Eakins, who had full knowledge of the drilling of the well. He made one payment of $25 on the purchase price of $525 and owed the balance. No proceedings were taken to divest him of his equitable interest by foreclosure or otherwise. Huff did not contend that his lien for labor and materials in drilling the well was superior to the vendor's lien for the purchase price. He says: "Appellee does not and never did contend that his lien was superior to the vendor's lien for the purchase price."

Accordingly, the decree is affirmed.