TYLER *v.* BOUCHER.

5-816                                    285 S. W. 2d 524

Opinion delivered January 9, 1956.

*W. H. Kitchens, Jr.,* for appellant.

*Melvin T. Chambers,* for appellee.

SAM ROBINSON, J. This case concerns the title to minerals and royalty on a small acreage. Appellants, Addison L. Tyler, and his wife, Annie Tyler, purchased as an estate by the entirety 20 acres of land. The grantor reserved three-fourths of the minerals. In language of the oil business, the Tylers acquired "5 acres of minerals." Later, they sold 2½ acres of minerals. This case involves the remaining 2½ acres. Tyler conveyed to appellee, Melvin Boucher, this remaining 2½ acres. Mrs. Tyler did not join in the deed but steadfastly refused to do so, and, at the time Boucher received the deed from Tyler, he was aware of the fact that Mrs. Tyler had refused to sign it. However, he thought she owned only a dower interest and paid Tyler $1,875.00, the full purchase price agreed upon. When it was understood that Mrs. Tyler was part owner, Tyler refunded to Boucher $937.50, one-half the purchase price. Boucher then proceeded in an effort to prevail upon Mrs. Tyler to sell her interest in the minerals or royalty. Finally, she conveyed to Boucher certain royalty for which she was paid $50.00 in addition to the amount theretofore refunded to Boucher by Tyler, making a total of $987.50. The Tylers claim that, as part of the consideration for the royalty deed, Boucher was to destroy the mineral deed he had theretofore obtained and which Tyler alone had signed. The Chancellor held that Boucher had acquired in fee 1¼ acres in minerals by the mineral deed from Tyler and 1¼ acres of royalty by the deed executed by both Mr. and Mrs. Tyler.

There are two questions: First, is the evidence sufficient to set aside the mineral deed from Tyler to Boucher? We do not think so, although both the Tylers testified that the setting aside of the mineral deed was part of the consideration for the royalty deed. The royalty deed on its face recognizes the validity of the mineral deed. The royalty deed provides: "This conveyance considered with mineral deed Addison Lee Tyler to Melvin Boucher dated Oct. 18, 1952 conveys 1¼ acres Minerals and 1¼ acres royalty."

Next, just what interest did Boucher acquire by both deeds? The mineral deed was signed by Tyler alone. By this deed, Boucher acquired all of Tyler's interest in the minerals. But the mineral deed signed by Tyler alone would not affect Mrs. Tyler's right of survivorship or her rights to one-half of the rents and profits. *Roulston v. Hall,* 66 Ark. 305, 50 S. W. 690; *Pope v. McBride,* 207 Ark. 940, 184 S. W. 2d 259. Hence, after Tyler gave the mineral deed and before Mrs. Tyler executed the royalty deed, she and Boucher were each entitled to one-half of the royalty income from the minerals. Two and one-half acres of minerals were owned. Mrs. Tyler would be entitled to all of the income from 1¼ acres of minerals and this royalty is exactly what she conveyed to Boucher by her deed. Although there is some ambiguity in the deed, it is clearly a deed to royalty. The deed provides "AN UNDIVIDED one/one hundred twenty eighth (1/128th) interest in and to all of the oil, gas and other minerals." Actually, as one of the owners by the entirety of 2½ acres of minerals out of 20 acres, Mrs. Tyler was entitled to a 1/128th royalty in the 20 acres. The deed further provides: "This conveyance is of 1¼ oil, gas and other minerals royalty acres over the entire spread of the hereinabove described lands." The land described is the 20 acres. The royalty from 1¼ acres is all Mrs. Tyler was entitled to as a tenant by the entirety.

Further, the deed provides: "It is the intention of the parties hereto that the grantee herein, his heirs or assigns, shall be entitled to receive hereunder one six-

teenth (1/16) of all oil and/or gas run to the credit of the royalty interest reserved under and by virtue of any oil and gas mining lease" and again: "In any event the grantee herein, his heirs or assigns, shall be deemed the owner of and shall be entitled to receive one one twenty eighth (1/128) part of all oil and gas produced and saved from said land, or any part thereof."

It is our conclusion that, by the mineral deed from Tyler, Boucher acquired 2½ mineral acres subject to Mrs. Tyler's right of survivorship; that before Mrs. Tyler executed the royalty deed she was entitled to one-half the royalty income from the 2½ acres, but by her deed she transferred her rights in 1¼ acres of royalty to Boucher. But she still has the right of survivorship in the 2½ acres of minerals and in the event she survives her husband she would be entitled to the royalty on 1¼ acres of minerals, as she only sold the royalty on 1¼ acres.

Reversed, with directions to enter a decree not inconsistent herewith.