UNITED STATES OF AMERICA *v.* McGEHEE.

5-3149                                                    375 S. W. 2d 365

Opinion delivered February 17, 1964.

*Louis F. Oberdorfer, Lee A. Jackson, Joseph Kovner, J. Edward Schillingburg,* Washington, D.C., *Charles M. Conway, E. A. Riddle,* for appellant.

*Davis & Mills, Peter G. Estes, James R. Hale, Wade & McAllister,* for appellee.

FRANK HOLT, Associate Justice. The question presented in this case relates to the priorities of various liens. The appellant, United States of America, and the appellees, hereinafter named, were made defendants in a foreclosure proceeding whereupon each of them filed crosscomplaints to enforce their claims as lienholders. Upon the foreclosure sale, after payment of costs and the indebtedness to the plaintiff-mortgagee, Frank E. McGehee and The First Pyramid Life Ins. Co. of America, there remained a surplus of $9,119.10 which was insufficient for the payment of all the competing liens. The Chancellor found and awarded priority and payment of the liens among the appellees and appellant as indicated by us in words and figures as follows:

| Claimant | Nature of Claim | Date Assessed | Date of Priority | Amount of Claim | Amount of Award |
|----------|-----------------|---------------|------------------|-----------------|-----------------|
| Shelton | Material & labor lien | | 8/25/60 (Date furnished) | $1,839.85 | $1,839.85 |
| Houston | Labor lien | | 3/10/61 (Date performed) | 218.03 | 218.03 |
| United States | Tax lien # 10,744 | 11/16/60 | 5/3/61 (Date filed) | 1,499.99 | 1,499.99 |
| Roberts | Material & labor lien | | 6/19/61 (Date furnished) | 755.54 | 755.54 |
| Gibson | Mortgage | | 6/21/61 (Date recorded) | 9,293.33 | 3,911.56 |
| State of Ark. | Tax lien | | 6/23/61 (Date filed) | 885.97 | 885.97 |
| United States | Tax lien # 11,824 | 5/26/61 | 8/9/61 (Date filed) | 2,324.28 | 8.36 |
| United States | Tax lien # 62-10-137 | 10/25/62 | 10/25/62 (Stipulation) | 1,296.42 | ——— |

Only the United States of America appeals from this decree. Appellant's first contention for reversal is that its three tax liens are superior to the three state created material or labor liens (Shelton, Houston and Roberts) because they had not been reduced to a sum certain or judgment and, therefore, were not choate before the federal tax liens arose.

A federal lien is created by 26 U.S.C.A. § 6321.[1] A federal tax lien arises "at the time the assessment is

---

[1] "Lien for taxes If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

made''. 26 U.S.C.A. § 6322.[2] As to when a state created lien arises, Ark. Stat. Ann. § 51-601 (1947) et seq, provides that upon the date of supplying material or labor one shall have a lien therefor; also, that an account of the amount due must be filed with the Circuit Clerk within ninety days; that an action for judgment must be commenced within fifteen months from the filing of the account and then the Circuit Court, upon a fair trial, must ascertain the amount of the indebtedness and render a judgment thereon.

The federal rule is that liens are choate when [1] the identity of the lienor, [2] the property subject to the lien, and [3] the amount of the lien are established. *United States* v. *New Britain,* 347 U.S. 81. Under Arkansas law the general rule is well settled that a materialman's or laborer's lien attaches as of the date of furnishing material or performing labor and, thus, is in effect before being reduced to a judgment. Ark. Stat. Ann. § 51-601, et seq, *supra; Franks* v. *Wood,* 217 Ark. 10, 228 S. W. 2d 480. It is, therefore, appellees' contention that their liens take priority where they furnished material and labor before appellant filed its tax liens.

The collection of debts owing to the United States is a federal question and it is a matter of federal law when a state created lien has acquired sufficient substance and become so perfected as to defeat a federal tax lien. *United States* v. *Security Trust & Savings Bank,* 340 U. S. 47; *Aquilino* v. *United States,* 363 U. S. 509. The reasoning is that this is necessary in order to achieve uniformity in the treatment of federal tax liens in relation to liens created by state law. As was stated in *United States* v. *New Britain, supra:*

''* * * Otherwise, a State could affect the standing of federal liens, contrary to the established doctrine, simply by causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment, etc., is determined.''

---

[2] "Period of lien   Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time."

In the recent case of *United States* v. *Pioneer Ins. Co.*, 235 Ark. 267, 357 S. W. 2d 653, we held that the mortgagee's lien for an attorney's fee, provided for in the mortgage, was choate when the federal tax liens were filed after the mortgage was recorded, the mortgagor had defaulted, the foreclosure suit was instituted, and the property sold. However, these tax liens were filed before a judicial determination of the amount of a reasonable attorney's fee. On appeal, in *United States* v. *Pioneer Ins. Co.*, 374 U.S. 84 (1963), the United States Supreme Court, in reversing our decision, said:

"Clearly the identity of the lien holder and the property subject to the lien are definite here, but it is equally apparent that the amount of the lien for attorney's fees was undetermined and indefinite when the federal tax liens in question were filed. * * * the 'reasonable attorney's fee'—reasonable in relation to the service to be performed by the attorney—had not been reduced to a liquidated amount. The final amount was to be established by court decree and the Chancery Court set the fee considerably below the sum requested. * * * when a mortgagee has a lien for an attorney's fee which is uncertain in amount and yet to be incurred and paid, such a lien is inchoate and is subordinate to the intervening federal tax lien filed before the mortgagee's lien for attorney's fee matures."

This case follows the rule enunciated in earlier decisions relative to when a state created lien is choate or inchoate when competing with a federal lien. See, also, *W. T. Jones & Co.* v. *Foodco Realty, Inc.*, 318 F. 2d 881 (C. A. 4th Circuit, 1963).

In the case at bar two of the tests of choateness have been fulfilled, namely, the identity of the lienors and the property subject to the liens. The third test, however, has not been fulfilled because the amounts of the material and labor liens have not been determined with sufficient certainty. It is true that an amount for each lien was furnished when the accounts were filed, but Ark. Stat. Ann. § 51-621 provides that the amount of the lien is subject to a future judicial determination.

See, also, *United States* v. *Colotta,* 350 U.S. 808; *United States* v. *White Bear Brewing Co.,* 350 U. S. 1010; *United States* v. *Vorreiter,* 355 U. S. 15; *United States* v. *Hulley,* 358 U. S. 66. Therefore, we must hold that neither of the three federal tax liens can be subordinated to any of the material and labor liens since none of the latter were choate by being reduced to a judgment or definitely established in amount at the time of the assessment of the federal liens. The status of these state created liens, before being reduced to a liquidated amount, serves ''merely as a caveat of a more perfect lien to come''. *New York* v. *Maclay,* 288 U. S. 290.

The appellant also contends for reversal that the Chancellor erred in granting the state tax lien priority over federal tax lien No. 11,824 which arose before the state tax had been assessed. It is appellant's contention that the Chancellor was in error in according to the state tax lien the status of a judgment-creditor under 26 U.S.C.A. § 6323 (a)[3] and, therefore, priority over federal tax lien #11,824. This federal tax lien was assessed on May 26, 1961 and filed on August 9, 1961. The state tax lien was assessed on June 23, 1961 pursuant to Ark. Stat. Ann. § 84-1912 (Repl. 1960) which provides that a certificate of indebtedness filed by the Commissioner of Revenue with the Circuit Clerk, when entered on the judgment docket of the Circuit Court, has ''the same force and effect as an entry on such judgment docket of a judgment rendered by the Circuit Court''.

It is well settled that a state may make whatever provisions it desires for the internal administration of its own tax laws. *United States* v. *Waddill Co.,* 323 U. S. 353. However, as stated previously, the interpretation of federal statutes is a federal question. *United States* v. *Security Trust & Savings Bank, supra; United States* v. *Acri,* 348 U.S. 211.

In *United States* v. *Gilbert Associates,* 345 U.S. 361, the town of Walpole, New Hampshire assessed an ad

---

[3] "Invalidity of lien without notice.—Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—"

valorem tax and the state law provided that such an assessment had the same effect as a judgment. In holding that the assessment of this ad valorem tax did not make the city a "judgment creditor", the court said:

"A cardinal principle of Congress in its tax scheme is uniformity, as far as may be. Therefore, a 'judgment creditor' should have the same application in all the states. In this instance, we think Congress used the words 'judgment creditor' in § 3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts. We do not think Congress had in mind the action of taxing authorities who may be acting judicially as in New Hampshire and some other states, where the end result is something 'in the nature of a judgment,' while in other states the taxing authorities act quasi-judicially and are considered administrative bodies."

Therefore, it is manifest that the State of Arkansas is not a "judgment creditor" within the meaning of 26 U.S.C.A. § 6323 (a) and it follows that its tax lien must be subordinated to federal tax lien # 11,824 which was assessed before the state tax lien was filed pursuant to Ark. Stat. Ann. § 84-1912 (Repl. 1960).

Applying the controlling principles we have discussed, the priority and payment *of the federal liens* from the $9,119.10 surplus should be as follows:

| Claim | Date Assessed | Amount of Claim | Amount of Award |
|---|---|---|---|
| Federal tax lien # 10,744 | 11/16/60 | $1,499.99 | $1,499.99 |
| Gibson mortgage[4] | | 3,911.56 | 3,911.56 |
| Federal tax lien # 11,824 | 5/26/61 | 2,324.28 | 2,324.28 |
| Arkansas tax lien | 6/23/61 | 885.97 | 885.97 |
| Federal tax lien[5] # 62-10-137 | | 1,296.42 | 497.30 |
| Material & labor liens | 12/7/62 (Reduced to judgment) | 2,813.42 | ——— |

[4] The appellant takes no issue with the priority assigned to the mortgagee-lienholder, Gibson. 26 U.S.C.A. § 6323 (a) and (c).

[5] No question is raised in this appeal regarding the Chancellor's action in subordinating the third federal tax lien, # 62-10-137, to the state tax lien. The taxes for which this lien was asserted were assessed after the state taxes had been assessed.

Thus, after the payment of the appellant's liens in this order, as contended by appellant, there remains the sum of $3,911.56 allocated for the payment of the Gibson mortgage and $885.97 allocated for the payment of the state tax lien, or a total of $4,797.53. In conformity with our applicable state law as previously discussed [and in accord with the stipulations of the parties, except for the state] the distribution of this balance should be as follows:

| Claim | | Amount of Claim | Amount of Award |
|---|---|---|---|
| Shelton<br>Materials and labor<br>furnished | · 8/25/60 | $1,839.85 | $1,839.85 |
| Houston<br>Labor performed | 3/10/61 | 218.03 | 218.03 |
| Roberts<br>Materials and labor<br>furnished | 6/19/61 | 755.54 | 755.54 |
| Gibson mortgage<br>Date recorded | 6/21/61 | 3,911.56 | 1,984.11 |
| Arkansas tax lien<br>Date filed | 6/23/61 | 885.97 | ——— |

Reversed and remanded with directions to render a decree not inconsistent with this opinion.