Francis J. Donovan, J.
Petitioner and her husband, tenants by the entirety, own a house in an area legally restricted to one-family occupancy. Marital difficulties culminated in the ouster of the wife by the husband. She took no action to regain possession until this proceeding was commenced on March 17, 1972.
In February, 1970, subsequent to ouster of the petitioner, her husband rented the premises to respondent for two years and then extended the lease for an additional year to February, 1973.
Petitioner did not participate in the lease transaction nor did she ratify the leasing. The leases do not bind her. On the other hand the lease existing between her husband and the respondent is a defense to a proceeding to evict respondent tenant.
1. Petitioner is entitled to joint possession with her husband’s tenant. (Infante v. Sperber, 271 App. Div. 896; Matter of Baker v. Westfall, 30 Misc 2d 946.) But such occupancy by the two families is a violation of the zoning ordinance of ■the Town of Hempstead. This aspect may require a special disposition.
*610 2. Petitioner may obtain relief pursuant to section 234 of the Domestic Relations Law in any pending, or contemplated marital proceeding. If she moves in with the aid of this court’s warrant before the husband’s tenant vacates, an illegal occupancy will result. This may justify the eviction of husband’s tenant in a proceeding on that ground. The respondent may wish to avoid that eventuality, by obtaining other quarters. If a court of competent jurisdiction awards exclusive possession to petitioner in a marital proceeding, respondent would be required to vacate. His possession is derived from his landlord’s and stands or falls with it.
Judgment is awarded, determining that petitioner is entitled to joint possession with respondent but the issuance of a warrant to place her in possession will be stayed until July 3, 1972 to permit the parties to make some accommodation to resolve the present dilemma, or petitioner to seek exclusive possession by appropriate legal proceedings.
On July 3, 1972 a hearing will be held to determine whether or not the stay will be continued (Uniform Dist. Ct. Act, § 212).