J. C. FORD *v.* Magnolia FELTS and James Vernon
FELTS, Guardian of the Person and Estate
of Harry Ellis FELTS

CA 81-139                                    624 S.W. 2d 449

Court of Appeals of Arkansas
Opinion delivered December 2, 1981
[Petition for Review denied February 1, 1982.][1]

*Burrow & Harlan,* for appellant.

---

[1]*Felts, Gdn.* v. *Ford,* 275 Ark. 68, 627 S.W. 2d 25 (1982). See concurring opinion by Justice Hickman.

*John B. Mays* and *Brent W. Martin,* for appellees.

Tom Glaze, Judge. The primary issue in this case is whether property owned by parties as tenants by the entirety can be leased by one spouse without the consent of the other. The trial court held that a lease is void when signed only by one of the spouses. The lessee, J. C. Ford, appeals the lower court's decision and contends: (1) The lease is valid and enforceable even though it was signed only by one spouse, Magnolia Felts, as lessor; or in the alternative, (2) if the lease is not valid, the trial court erred in denying him the opportunity to prove damages he suffered due to Mrs. Felts' breach of warranty clause contained in the lease agreement.

The relevant facts are undisputed. In November, 1978, Mrs. Felts leased farm land to Ford for ten years. At the time of the lease, Mrs. Felts was married to Mr. Felts, and they owned the farm land by the entirety. Mr. Felts did not consent to or join in the lease, and, in fact, he was legally incompetent when the lease was executed. Neither of the Felts resided on the farm land when it was leased to Ford, and both Mr. and Mrs. Felts were living in separate nursing homes when this case was tried below. Approximately eighteen months after the lease was signed, Mrs. Felts and Mr. Felts, by his guardian, filed an action for rescission against Ford, contending the lease was void. Ford answered, denying the Felts' complaint, and he counterclaimed against Mrs. Felts, alleging she be compelled to perform the lease agreement and she be required to defend title to the land she leased Ford. Ford appeals the trial court's adverse decision holding the lease void.

Whether one spouse alone may lease an estate by the entirety has never been decided in Arkansas. This issue has been considered on many occasions by courts in other jurisdictions, and these courts have offered varied decisions. From our research, the jurisdictions appear to be equally divided as to whether such lease is valid. For example, Delaware, Florida, Maryland and Tennessee have adopted the view that property possessed as an estate by the entirety cannot be disposed of by one spouse without the consent of

the other. *Steigler* v. *Insurance Company of North America,* 384 A. 2d 398 (Del. 1978); *Murray* v. *Sullivan,* 376 So. 2d 886 (Fla. App. 1979); *State* v. *Friedman,* 283 Md. 701, 393 A. 2d 1356 (1978); *Irwin* v. *Dawson,* 197 Tenn. 314, 273 S.W. 2d 6 (1954).

On the other hand, the courts in New York, North Carolina and Michigan have held a lease executed by one spouse is valid. *Colucci* v. *Zimmer,* 70 Misc. 2d 609, 334 N.Y.S. 2d 361 (1972); *Stubbs* v. *Hardee,* 461 F. 2d 480 (4th Cir. 1972); *Arrand* v. *Graham,* 297 Mich. 559, 298 N.W. 281, reh. den. 300 N.W. 16 (1941).

In New Jersey, another view was adopted in the case of *Cherry* v. *Cherry,* 168 N.J. Super. 386, 403 A. 2d 45 (1979), wherein the court held that a lease by the husband/tenant by the entirety was subject to the wife's right of survivorship *and possession.*[1] Still another and fourth view is followed in Pennsylvania. In *Glover* v. *Manupelli,* 201 Pa. Super. 429, 193 A. 2d 758 (1963), the court upheld the validity of a lease signed by the wife only, but, in doing so, it found that the benefits of the lease must inure to both husband and wife and the monies received by the one spouse must be expended for the benefit of both.

Although Arkansas' courts have not been confronted with the precise issue on appeal here, our courts have dealt with other related problems concerning co-tenants' interests and rights in property held by the entirety. For example, our courts have held that a spouse may convey his or her interest in an estate by the entirety, subject to the right of survivorship in the other spouse. See *Branch* v. *Polk,* 61 Ark. 388, 33 S.W. 424 (1895), and *Davies* v. *Johnson,* 124 Ark. 390, 187 S.W. 323 (1916). One year after the *Branch* decision, the court in *Simpson* v. *Biffle,* 63 Ark. 289, 38 S.W. 345 (1896), held

---

[1]In one treatise, New Jersey is listed as a state where the husband has the right to make a lease of an estate conveyed in fee to him and his wife, which will be good against the wife during coverture. See 3 Thompson, Commentaries on the Modern Law of Real Property, § 1072 (Repl. 1959).

further that a sale of the husband's interest would not divest the wife of the right of possession during her lifetime.

Our Supreme Court has also held that an estate by the entirety may be sold under execution to satisfy a judgment against the designated spouse, but the husband or wife is secure against an impairment of right through the sole act of the other. See *Moore* v. *Denson*, 167 Ark. 134, 268 S.W. 609 (1924), and *Pope* v. *McBride*, 207 Ark. 940, 945, 184 S.W. 2d 259 (1944). After recognizing and discussing the foregoing cases and legal principles announced in each, the court in *Franklin* v. *Wood*, 217 Ark. 10, 228 S.W. 2d 480 (1950), concluded that either spouse may transfer his interest in the estate by the entirety, including his right of survivorship, but may not thus affect the interest of the other.

In view of our court's decisions in *Moore* and *Franks*, we believe our law is well settled that a husband's or wife's interest in an estate by the entirety cannot be impaired or affected by the sole act of the other. Accordingly, the court in *Simpson* v. *Biffle, supra,* clearly held the sale of the husband's interest would not divest the wife of her right of possession during her lifetime.

As noted earlier, our court has never been asked to decide whether one spouse can lease an estate by the entirety thereby affecting the interest of the other spouse. We believe, however, the rationale and legal principles announced in the cases concerning the conveyance of an estate by the entirety should be applied in situations where such an estate is leased. Thus, we hold that one spouse can lease his or her interest in the entirety estate but the lease is subject to the other spouse's right of survivorship and possession during his or her lifetime. In so holding, our intent is to protect the possessory and survivorship rights of the husband or wife, and at the same time recognize that one spouse can lease the estate by the entirety when it does not impair the other's rights.

In adopting this rule, we are not unmindful of prior

Arkansas decisions which have applied a different legal principle where homestead property is involved. Arkansas follows the rule that a homestead may be acquired in land held by a husband and wife as tenants by entireties. *Gannon v. Moore,* 83 Ark. 196, 104 S.W. 139 (1907), and *Elms v. Hall,* 214 Ark. 601, 215 S.W. 2d 1021 (1948). In *Mid-Continent Petroleum Corporation v. Smith,* 186 Ark. 838, 56 S.W. 2d 420 (1933), a husband leased property which was his and his wife's homestead. From a review of the facts recited in *Smith,* it is not clear if the leased property was held by the entirety. The court in *Smith* held that under Arkansas statutory law the lease was void because the wife did not join in executing the lease agreement. Of course, in the instant case, the leased property is not the homestead of Mr. or Mrs. Felts and additionally, we find the wife, Mrs. Felts, leased the property rather than the husband, which was the situation in *Smith.* In sum, the statutory law relied on by the court to void the lease in *Smith* is simply not applicable to the facts at bar. See also *Penney v. Vessells,* 221 Ark. 389, 253 S.W. 2d 968 (1952), and Ark. Stat. Ann. § 50-415 (Repl. 1971).

The record before us reflects that neither Mr. or Mrs. Felts lived on the property leased to Ford nor did they claim it as their homestead. Since Mr. Felts was not dispossessed, or his rights otherwise impaired, we hold the lease to Ford by Mrs. Felts was valid. We further conclude that Mr. and Mrs. Felts are entitled to share equally in the rents under the lease subject to their right of survivorship. Our holding on this point is consistent with the Supreme Court's decision rendered in *Roulston v. Hall,* 66 Ark. 305, 50 S.W. 690 (1899). In *Roulston,* the court upheld a husband's conveyance of an estate by the entirety when it was neither homestead property nor property possessed by the wife. The court concluded that the husband and wife were each entitled to one-half the rents subject to the right of survivorship. See also *Tyler v. Boucher,* 225 Ark. 806, 285 S.W. 2d 524 (1956).

Since we hold that the lease was valid, it is unnecessary to consider the breach of warranty issue raised by appellant. We reverse the trial court's decision and remand with

240

directions to vacate the judgment entered in favor of the Felts and to enter judgment on behalf of Ford, compelling the performance of the lease agreement between Mrs. Felts and Ford.

Reversed and remanded.