Thomas M. KINGHORN *v.* James O. HUGHES, Individually and as Co-Trustee of the Willa B. Hughes Trust

88-238                                        761 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered December 19, 1988
[Rehearing denied January 23, 1989.*]

---

*Dudley, J., would grant; Hays, J., not participating.

*Martin, Vater, Karr & Hutchinson*, by: *Charles Karr*, for appellant.

*Parker Law Firm*, by: *Kyle D. Parker* and *Douglas W. Parker*, for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the decree of the chancellor entered on October 1, 1987, holding that the Willa B. Hughes Trust was never established, implemented, or funded; that the two warranty deeds attached to the declaration of trust were a cloud on James Hughes' title and should be set aside; that the warranty deeds dated June 19, 1953, transferred the real property here in question to Mr. and Mrs. Hughes as tenants by the entirety; and that upon the death of Willa B. Hughes title to these lands passed by operation of law to James O. Hughes. For reversal the appellant argues: (1) the court erred in holding that the Willa B. Hughes Trust was never established, implemented or funded; (2) the court erred in ruling upon the validity of the trust; and (3) the chancellor erred in holding that the deeds from Willa B. Hughes to herself and her husband were valid and that they created an estate by the entirety. For reasons stated below we reject all three arguments and affirm the decree of the chancellor.

Willa B. Hughes and James O. Hughes were married in 1942. It was the second marriage for Mrs. Hughes; she had one son, Thomas M. Kinghorn, born of her first marriage. Mr. Hughes did not have children at the time and no children were born of this marriage.

Between 1942 and 1953 the parties acquired certain real estate, apparently in the name of Willa B. Hughes. However, she executed deeds to a third party in 1953, and deeds were in turn executed to her and James O. Hughes as tenants by the entirety.

In 1971 Willa B. Hughes executed deeds to the property to a trust which she and her husband intended to establish at that time. A trust instrument was prepared, along with two deeds purportedly conveying the property to the Willa B. Hughes Trust. Both parties signed the trust agreement. However, Mr. Hughes never signed the deeds. The trust instrument purported to establish the Willa B. Hughes Trust and the James O. Hughes Trust, with the provision that upon the death of both of the Hugheses, the named trustees, the property would pass to the Thomas M. Kinghorn Trust. No tax returns were ever filed for the trust, and neither the deed nor the trust instrument was ever filed of record. The only tangible evidence of establishment of the trust was the opening of some bank accounts. These accounts were in the name of the Willa B. Hughes Trust. Both parties were given the right to sign checks.

Shortly before Willa B. Hughes died in 1986, her son, the appellant, came to Arkansas from California and became interested in the trust. Mr. Hughes and Kinghorn never seemed to get along, and shortly after the death of Willa B. Hughes the appellant filed suit for an accounting and confirmation of trustees. On September 9, 1986, Mr. Hughes recorded the two 1953 deeds. On September 22, 1986, the appellant recorded the 1971 deeds.

■ The burden of proof to establish the existence of a trust is upon the party alleging the existence of the trust. *Kansas City Life Insurance Company v. Taylor*, 184 Ark. 772, 43 S.W.2d 372 (1931). Therefore, before the court could take any action affecting the trust property, it must first be established that the trust existed. Unless the trust was legally established, there could be no duties and responsibilities of trustees.

■■ We must examine the facts to determine whether the trust existed. The deeds prepared and executed in 1953 conveyed the property to J.O. Hughes and Willa B. Hughes as "joint tenants with express rights of survivorship." (These lands are the same as those later purportedly transferred to the trust in 1971.)

A conveyance to parties who are married creates a tenancy by the entirety. *Robinson* v. *Eagle*, 29 Ark. 202 (1874). Each of the tenants by the entirety is secure against the impairment of their property rights through the sole act of the other. *Franks* v. *Wood*, 217 Ark. 10, 228 S.W.2d 480 (1950). The evidence presented to the trial court was clearly sufficient to support the decree that, subsequent to the execution of the 1953 deeds, the property was owned by Willa B. Hughes and James O. Hughes as an estate by the entirety.

In making the determination that the Willa B. Hughes Trust was never established, the trial court took into consideration such other matters as the testimony that the trust was established for tax purposes only; that the lands were never actually conveyed to the trust; that no taxes were ever paid or tax returns filed on the trust property; that the property and bank accounts remained exactly as they were before the trust papers were executed; and that neither the trust instrument nor the deeds were ever recorded. Upon review of the record, it is fair to say that the facts support the chancellor's decision that the parties never took any action with respect to the trust after it was executed in the lawyer's office. Certainly it cannot be said that James O. Hughes complied with the terms of the trust agreement because he never executed the deeds to the trust. His reason for not doing so is not explained, and we cannot speculate. All of the papers, documents, and records remained in the joint possession of the parties after the 1971 execution of the trust papers. Moreover, the trial court appointed a trust officer of a bank to make an interim report on the trust. The temporary trustee reported that he was unable to make a report because he could find no evidence that the trust had actually been established.

■■ We find that the decree of the chancellor was not clearly against the preponderance of the evidence. Although we review decisions of the chancery court de novo, we do not set aside findings of fact unless they are clearly erroneous. Since we agree with the chancellor's decree that the trust was never established, it is not necessary to reach the other arguments of the appellant.

The probate court retained jurisdiction of the case since there are certain properties of the estate of Willa B. Hughes that have not yet been distributed. The funeral and tax bills are still to

be paid from present deposits. The decree of the chancellor holding that the trust was never established and cancelling the deeds to the trust is affirmed.

Affirmed and remanded.