## DAVIES *v.* JOHNSON.

### Opinion delivered June 12, 1916.

1. ESTATE BY THE ENTIRETY—RIGHT OF SURVIVORSHIP.—The right of survivorship where property is held by the entirety was not destroyed by Kirby's Digest, § 739.
2. ESTATE BY THE ENTIRETY—EFFECT OF DIVORCE.—The character of an estate by the entirety is not changed by divorce of the parties.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*Davies & Davies,* for appellant.

1. An estate by entireties, after a divorce, and the conveyance by the wife of her interest to third parties, becomes subject to partition. Kirby's Dig., § 4423; 61 Ark. 388; 63 *Id.* 289; 66 *Id.* 305. A divorce destroys an

estate by entirety. 55 L. R. A. (N. S.) 396; Bishop on Mar. & Div. (5 ed.), § 716; Freeman on Cotenancy (2 ed.), § § 76, 92; 136 S. W. 127; 168 *Id.* 1178; 108 *Id.* 9; 109 Md. 690; 72 Atl. Rep. 414. The divorce made John-son and his wife tenants in common. Tiffany on Real Property, p. 383, ch. 7, § 165; 84 Ala. 368; 21 Cyc. 1201; 103 Ala. 488; 65 Miss. 124; 15 A. & E. Enc. Law (2 ed.) 848. If a tenancy in common, of course the estate was subject to partition.

*Martin, Wootton & Martin,* for appellee.

1. This was an estate by entirety in both real and personal property. 15 A. & E. Enc. Law., p. 551; 156 Penn. St. 628; 36 Am. St. Rep. 64; 117 Mich. 449; 72 Am. St. Rep. 568; 173 Mo. 91; 96 Am. St. Rep. 486, 499; 188 Penn. St. 33; 16 Mass. 480; 92 Md. 567. There is no distinction between real and personal property.

2. A divorce does not change the status of property held in entirety. 66 Ark. 305; Thorburn on Real Prop-erty, § 425; 2 Bishop on Mar & Div., § 717; 1 Washburn Real Prop., § 425; 85 Mich. 340; 24 Am. St. 94; 22 Pick. 61.

McCULLOCH, C. J. The question involved in this ap-peal is this: "Does an estate held by entireties become subject to partition after conveyance by the wife of her interest to a third party, and divorce of the original ten-ant." The divorce was granted April 24, 1915.

(1) Appellant contends, first, that the right of sur-vivorship was destroyed by the enactment of what is now section 739 of Kirby's Digest. This section reads as follows:

"Every interest in real estate granted or devised to two or more persons other than executors and trustees as such shall be in tenancy in common unless expressly declared in such grant or devise to be a joint tenancy."

In answer to this it may be said that the same conten-tion was made in the case of *Robinson* v. *Eagle,* 29 Ark. 202, where the court said:

"The act referred to in Gould's Digest (Section 9, Ch. 37, Gould's Digest, 265, which is sec. 739 of Kirby's Digest) was intended to remedy what was regarded as an evil growing out of an estate of joint tenancy, whereby a survivor, though a stranger, on the death of his cotenant, would take the whole estate by survivorship, and other reasons. But it certainly was not intended to apply to the case of husband and wife, who are regarded by the law, divine and human, as one person, and hold the estate as an entirety and not as joint tenants."

Appellant also cites us to the cases collated in the note to *Stelz* v. *Schreck*, 13 L. R. A., 325, and *McKinnon, Currie & Co.* v. *Caulk*, 55 L. R. A. (N. S.) 396.

These cases hold that divorce destroys the right of survivorship in an estate by the entirety, and it appears that the weight of authority numerically speaking supports that view. The Supreme Courts of Michigan and Pennsylvania support the opposite view. *Alles* v. *Lyon*, 216 Pa. 604, 10 L. R. A. (N. S.) 463; *In Re Appeal of Nellie B. Lewis*, 85 Mich. 340. The reasoning of the courts which take the former view is that the right of survivorship having attached at the creation of an estate it cannot be divested by a decree of divorce subsequently granted. The Pennsylvania court stated, in the case just cited, that the estate by the entirety "arises, not out of unity of person alone, but out of unity of person at the time of the grant." The court then quotes from Coke's Littleton the statement that "if an estate be made to a man and a woman and their heirs, before marriage, and afterwards they marry, the husband and wife have moities between them," and then reasons in support of its view as follows: "If subsequent unity of person cannot change a tenancy in common to one by entireties, *e converso,* a subsequent severance of the unity of person ought not to change a tenancy by entirety to one in common."

The courts adopting the other view take the position that the very question presented is, whether this right of survivorship did attach as an inseparable incident of

ownership, or was dependent upon the unity of person between the husband and wife and consequently destroyed when that unity ceased to exist. The majority of the court are of the opinion that the question has been decided in this State and that the decision has become a rule of property.

In *Branch* v. *Polk*, 61 Ark. 388, the rule was laid down that under a deed to husband and wife "the entire estate is vested in each of the tenants by the entireties, for they hold, not by moities, but by entireties." That, in fact, conforms precisely to the common law definition of an estate by the entirety. If the entire estate is vested at the time of the conveyance in each of the tenants, how could it be divested merely by the granting of a divorce in the absence of a statute authorizing it to be done? Suppose one of the parties executes a deed to a third party during the coverture, purporting to convey the whole estate, the deed would convey all of the vested interest of the grantor, including the rights resulting from survivorship, and it would be an anomalous situation to hold that such a vested interest could be divested by divorce of the parties.

(2)   The necessary effect of the decision in the case of *Roulston* v. *Hall*, 66 Ark. 305, was that the character of an estate by the entirety is not changed by divorce of the parties. The facts of that case were that Ben and Addie Hall, his wife, purchased property in their joint names, creating an estate by the entirety. Afterwards Addie Hall sued Ben Hall, and obtained a decree in her favor for divorce, as well as for one-half of the property absolutely in fee simple and one-third of the other half belonging to Ben Hall for her life time. After this decree was rendered Ben Hall conveyed one-half of the property to Roulston, who instituted an action of ejectment against Addie Hall for one-half of the property. In disposing of the case the court used the following language in holding the wife was not entitled to the one-third interest presumably given her as dower interest in her husband's one-half interest:

"We suppose the court below gave the appellee the decree for one-third interest for her natural life in the appellant's half of said property, because it was adjudged to her in the suit of *Addie Hall* v. *Benjamin Hall* in the Garland Chancery Court. And we suppose that the learned chancellor in that case awarded it to her under section 2517 of Sandels & Hill's Digest, where it is provided that 'in every final judgment for divorce from the bonds of matrimony granted to the wife against the husband, (the wife) shall be entitled to one-third part of the husband's personal property absolutely, and one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been so relinquished by her in legal form.' But the husband, Ben Hall had not an estate of inheritance in these lots. Where land is conveyed to husband and wife, they do not take by moities, but both are seized of the entirety—the whole in contradistinction to a moiety or part only. *Robinson* v. *Eagle,* 29 Ark. 202; 2 Kent's Comm. 132; 4 Kent's Comm. 414. * * * Neither tenant by entirety can convey his or her interest so as to affect the right of survivorship in the other. The alienation by the husband of a moiety will not defeat the wife's title to that moiety if she survive him; but, if he survive, the conveyance becomes as effective to pass the whole estate as it would had he been sole seized at the time of the conveyance. The husband may do what he pleases with the rents and profits during coverture, but he cannot dispose of any part of the inheritance, without his wife's consent."

It being the view of the majority that the language quoted is decisive of the question submitted, it must necessarily follow that the decree of the chancellor in refusing to grant partition must be affirmed.

Justices Hart and Smith are of the opinion that the case of *Roulston* v. *Hall, supra,* is not decisive of this question, and that upon both reason and authority it should be held that a divorce granted a tenant by the entirety, destroys the right of survivorship.