Benjamin Moskofsky and Sarah Moskofsky, his wife, were the owners as tenants by the entirety of a tract of land known as No. 25 Union avenue, Rutherford, New Jersey. On November 14th, 1922, they conveyed the property to the defendant Boruch Pastive. He paid the grantors $2,000 in cash for the property, and also canceled a note of $1,000 of the husband's which Pastive held; and he took the property subject to mortgages aggregating $3,750, together with interest and other accrued charges thereon. Since he acquired the property from Mr. and Mrs. Moskofsky the purchaser has spent about $3,000 for alterations and improvements. On December 14th, 1922, Benjamin Moskofsky died, leaving his wife, Sara, surviving him. The present bill is filed to set aside the above-mentioned conveyance on the ground that it was made in fraud of creditors.
At the time of the conveyance the husband was indebted to several creditors for considerable sums of money. He was seriously ill, and it was necessary that medical and surgical attention should be obtained, and he needed funds for this purpose. It afterwards developed that he was suffering from an incurable disease, and a short time after he was operated upon at the hospital he died. The purchaser was the wife's brother. When he was asked by the wife to loan some money for the medical expenses he replied: "I cannot, I have given you a thousand dollars already; how can I give you any *Page 54 
more?" Then the husband said, "We have got to sell the house because I have got to get money to live."
Mrs. Moskofsky testified that part of the money that was received from the sale of the property was used to pay doctors' and hospital bills, and some was paid on account of the debts of some of the creditors.
There is some conflict in the testimony regarding the value of the premises in question, but it seems to be fairly established that at the time of the conveyance it was not worth more than from $7,000 to $10,000. It is claimed by the complainant that it is now worth $14,000.
It will be observed that the purchaser paid and assumed mortgages and charges amounting to about $7,000 in the aggregate, and thereafter spent about $3,000 more in improving the property.
There does not seem to be, therefore, a discrepancy in the consideration which would in itself indicate a fraudulent transfer. I am inclined to the view that no fraud sufficient to avoid the conveyance has been established.
Aside from this, I am of the opinion that, under the adjudicated cases in this state, there would be no interest of the husband now liable to seizure by his creditors in the property in question. The husband and wife were tenants by the entirety. Upon the death of either the entire fee would vest in the survivor. During the lifetime of both, however, the creditors of either could seize the respective interests and sell the same under execution, but the purchaser of such interests of either of the owners would take simply the prospect or chance of such owner surviving his co-owner; for, as I have already stated, if the person whose interest was thus seized or sold should predecease his co-owner, his interest would fail, and the entire fee would vest in the survivor to the exclusion of the other's creditors. During the lifetime of the co-owner, whose interest might be thus seized and sold by his creditors, the purchaser would be entitled to share the usufructs with the other co-tenant, to that extent becoming a tenant in common with the other. *Page 55 
It is perfectly apparent that, by the death of the husband, Benjamin Moskofsky, prior to the filing of the bill in this case, whatever interest he may have had in the premises in question would have survived to, and vested in, his wife, who survived him. Had they still been the owners as tenants by the entirety, the husband's creditors would have thus been excluded. And if it should be held that, for any reason, the conveyance made by the husband and wife in November, 1922, was not effective to divest them of title, permanently, it seems to me that any restoration of title would now simply vest the entire fee in the survivor, beyond the reach of the husband's creditors.
The result upon either phase of the case is therefore that the bill of the complainant cannot prevail, and I will advise a decree that it be dismissed.