ELLIS *v.* ASHBY.

5-1181                                                           299 S. W. 2d 206

Opinion delivered March 4, 1957.

E. M. Arnold, for appellant.

Rolland A. Bradley, for appellee.

PAUL WARD, Associate Justice. In April 1954 W. F. Ashby and his wife, Flora, purchased a lot on Lake Conway, taking title by the entirety. They promptly began the erection of a dwelling on said lot, and on November 16, 1954, when the dwelling was practically completed, they conveyed the property, by regular warranty deed, to Miss Mona I. Ashby, a sister of W. F. Ashby. Mr. Ashby died on May 7, 1955.

In June 1955, appellants filed a suit against Mona and Flora Ashby, and Flora Ashby as executrix of the estate of her deceased husband. The material allegations in the complaint are: T. E. and G. A. Ellis are engaged in the lumber business under the name of Capitol City Lumber Company; When W. F. Ashby acquired the property in April, 1954 he was insolvent and was indebted to appellants; W. F. Ashby purchased

building material from appellants to construct the said dwelling and he agreed to convey the property to appellants "for debts then existing and to be thereafter incurred, but failed and neglected to do so"; The conveyance to Mona was "without consideration and was made for the purpose of defrauding and hindering plaintiffs' creditors" at a time when Ashby was insolvent, and; After W. F. Ashby conveyed to his sister he induced appellants to endorse his notes to the First National Bank in Little Rock in the amount of $3,500 through the representation that he was still the owner of said property. The prayer was that Mona be held as trustee for appellants; that all rights of Flora, the widow, be declared inferior to the rights of appellants, and; that a lien be declared on the property in favor of appellants, and the property sold if necessary.

The chancellor dismissed appellants' complaint for want of equity, based upon the findings that appellants were secured creditors; that there was no presumption of fraud in the making of the conveyance to Mona; that the questioned conveyance was not voluntary but based on valuable consideration, and; the evidence fails to show that W. F. Ashby was insolvent at the time the questioned conveyance was made or that it was made to defraud his creditors.

It is not necessary to examine the record to determine whether the chancellor's findings are in accord with the testimony, because we find that he must be sustained for another reason.

The record discloses these uncontroverted facts: The deed to Ashby and his wife conveyed an estate by the entirety; It is not contended that this deed (by the entirety) was a part of any scheme to defraud creditors; The lumber and material furnished by appellants had all been paid for when this suit was filed; The debt upon which appellants are here suing was assumed by W. F. Ashby (and by him alone) long after the deceased and his wife purchased the lot and after the deed was made to appellee, Mona I. Ashby, and; W. F. Ashby died before this suit was filed.

Under the above factual situation appellants could not maintain a suit to set aside the deed to Mona as being in defraud of creditors. If there had been no conveyance to Mona, appellants would have been in no better position than they are now because upon the death of W. F. Ashby title to the property vested, absolutely, in his widow. Since in this case the widow has executed a deed to Mona, if she should regain title it would revert to Mona under Ark. Stats. § 50-404.

Although this court has not had occasion to pass directly on the question here considered, we have in *Moore* v. *Denson,* 167 Ark. 134, 268 S. W. 609, pretty clearly indicated what our decision should be here. The holding there was that property owned by husband and wife by entirety is subject to sale under execution to satisfy a judgment against the husband, *subject however to the wife's right of survivorship.* In reaching that conclusion the court quoted with apparent approval that "a conveyance by the husband and wife jointly passes title to the property clear of any claim of creditors of the husband." It is clear from the context that the court had reference to property held by the entirety.

Since we have held that, where property is held by the entirety, the interest of one spouse cannot be sold on execution for the debt of the other spouse, it seems to follow logically that property so held is similar to a homestead in that respect. It was stated in *Davis* v. *Cullums,* 205 Ark. 390, 168 S. W. 2d 1103, that: "It has been many times held that a creditor may not complain that a homestead has been conveyed in defraud of creditors."

We make clear that we are not here holding that fraud cannot be shown in the procurement of the title by the entirety in the first instance if the evidence warrants such a holding.

Other jurisdictions have dealt more specifically with the question under consideration, and the weight of such authority accords with the view we have heretofore expressed. It was held in *Wortendyke* v. *Rayot,*

88 N. J. Equity 331, 102 A. 2, that a voluntary conveyance by a husband and wife of an estate by the entirety could be set aside as in fraud of the husband's creditors, and the husband's interest sold under execution, *but, that upon the husband's death, the entire title would vest in the surviving widow.* The above case was cited and the holding approved in the case of *J. & A. Steinberg Co.* v. *Pastive,* 97 N. J. Equity 52, 129 A. 201, and in other cases cited in 121 A. L. R. at page 1028, *et seq.*

From the above it follows that the decree of the trial court must be, and it is hereby, affirmed.

Affirmed.