Larone LOWE, et ux *v.* Linda MORRISON, et al.

86-92                                    711 S.W.2d 833

Supreme Court of Arkansas
Opinion delivered July 14, 1986

*Honey & Rodgers, P.A.,* by: *Danny P. Rodgers,* for appellant.

*Sanford L. Beshear, Jr.,* for appellee.

DARRELL HICKMAN, Justice. The question in this case is whether a third party, who has a money judgment against the husband, can force partition and sale of land held by the husband and wife by the entirety. The answer is no. The trial court dismissed the partition action filed by Larone and Floy Lowe against Jones and Helen Morrison. We affirm the decree.

The Lowes and the Morrisons are neighbors. The families got involved in a dispute and Larone Lowe was severely injured by Jones Morrison and his two sons, Nick and Rodney. Larone and Floy Lowe sued and got judgment against Jones, Nick and Rodney Morrison jointly and severally. The case was appealed twice. *Morrison* v. *Lowe,* 267 Ark. 361, 590 S.W.2d 299 (1979);

*Morrison* v. *Lowe*, 274 Ark. 358, 625 S.W.2d 452 (1981). Ultimately we affirmed a large judgment.

Before the second appeal, the Lowes filed suit against the Morrisons alleging that Jones Morrison fradulently conveyed his property in order to avoid having to pay the judgment. The deeds in question were executed on August 21 and 26, 1975, from Jones and Helen Morrison, husband and wife, to Helen and Nick Morrison and Willie Johnson, conveying just under 400 acres of real property. Another challenged deed was executed on July 21, 1978, in which Helen Morrison conveyed a 3.5 acre tract from the above property to Rodney and Linda Morrison, husband and wife. The chancellor found that the conveyances were made in an effort to avoid the judgment against the Morrisons and that the conveyances from Jones and Helen Morrison were void as to the interest Jones conveyed and that the deed from Helen Morrison to Rodney Morrison was void as to the interest Helen purportedly acquired from Jones by virtue of the first two deeds.

On April 23, 1984, by way of a sheriff's deed on execution, the Lowes bought several parcels of land owned by the Morrisons. They bought one parcel of 16 acres, another of 65.5, another of 36.8, another of 69 acres, and one of 3.5 acres from Rodney Morrison. Their bid of $150,000 was to be credited against the judgment.

In 1984 the Lowes filed two actions to force the sale of the land; one action concerned the 3.5 acre tract and the other concerned the remaining land. The cases were consolidated for trial. It was stipulated that all of the property was held by Jones and Helen Morrison as tenants by the entirety before the earlier conveyances. The trial judge correctly held that since he had found the deeds void and the title was again in Helen and Jones Morrison by the entirety, partition would not lie.

Partition is a statutory right. Ark. Stat. Ann. § 34-1802 (Supp. 1985) provides:

> Any persons having any interest in and desiring a division of land held in joint tenancy, in common, as assigned or unassigned dower, as assigned or unassigned courtesy [curtesy], or in coparceny, absolutely or subject to the life estate of another, or otherwise, or under an estate by the

entirety where said owners shall have been divorced either prior or subsequent to the passage of this Act, except where the property involved shall be a homestead and occupied by either of said divorced persons, shall file in the circuit or chancery court a written petition in which a description of the property, the names of those having an interest in it, and the amount of such interest shall be briefly stated in ordinary language, with a prayer for the division, and for a sale thereof if it shall appear that partition cannot be made without great prejudice to the owners, and thereupon all persons interested in the property who have not united in the petition shall be summoned to appear.

Noticeably absent is the right to partition an estate by the entirety where the tenants are still married. An estate by the entirety is peculiar to marriage and entails the right of survivorship. The right of survivorship to the whole can only be dissolved in a divorce proceeding, by death, or by the voluntary action of both parties.

In various cases we have touched on the question raised by this suit. First the right of survivorship cannot be defeated by an outsider such as a judgment creditor. *Ellis* v. *Ashby*, 227 Ark. 479, 299 S.W.2d 206 (1957). A third person can obtain a judgment against a husband or wife and that judgment will be a lien against the debtor's interest in the land. *Franks* v. *Wood*, 217 Ark. 10, 228 S.W.2d 480 (1950). That claim cannot, however, defeat the interest of the other spouse. *Moore* v. *Denson*, 167 Ark. 134, 268 S.W. 609 (1924). Only on the death of the other spouse can that claim be perfected. *Ellis* v. *Ashby, supra.*

In *Davies* v. *Johnson*, 124 Ark. 390, 187 S.W. 323 (1916), we held that partition would not lie against an estate by the entirety.

Affirmed.

HOLT, C.J., not participating.