Clyde David MORRIS *v.* Jerry SOLESBEE

CA 94-292                                     892 S.W.2d 281

Court of Appeals of Arkansas
Division II
Opinion delivered February 1, 1995

*Hardin, Jesson, Dawson & Terry*, by: *Robert M. Honea* and *Kirkman T. Daugherty*, for appellant.

*Skinner Law Firm, P.A.*, by: *Jack Skinner*, for appellee.

JOHN MAUZY PITTMAN, Judge. In February 1993, appellant, Clyde David Morris, obtained a judgment against appellee, Jerry Solesbee. After writs of garnishment and execution were issued, appellee filed a claim of exemption for all property that he held with his wife as tenants by the entirety. The circuit judge sustained appellee's claim of exemption and ordered that the writs of garnishment and execution as to that property be quashed.

On appeal, appellant argues that the long established law in Arkansas is that a judgment creditor of one spouse can levy upon, and sell at public sale, a judgment debtor's right of survivorship in and entitlement to one-half the rents and profits from property held as tenants by the entirety. We agree.

In *Branch* v. *Polk*, 61 Ark. 388, 33 S.W. 424 (1895), the supreme court held that a wife who held property with her husband in a tenancy by the entirety had the power, by a separate deed, to mortgage her interest in land she held with her husband as tenants by the entirety. In making this decision, the court noted that, in Arkansas, a married woman has full control over her separate property, including her interest in an entirety estate, and may convey and dispose of it as if she were single. 61 Ark. at 394. The court stated:

> The right of the wife to control and convey her interest, we think, is now equal to the right of the husband over his interest. That each are entitled to one-half of the rents and profits during coverture, with power to each to dispose of or to charge his or her interest, subject to the right of survivorship existing in the other.

*Id.* at 395-96. The court added that, in making such a conveyance,

the spouse does not change the estate which is granted; the question of survivorship is in abeyance. *Id.* at 396.

It has long been held, however, that an entirety estate is not subject to partition after a spouse's conveyance of his or her interest to a third party. In *Davies* v. *Johnson*, 124 Ark. 390, 187 S.W. 323 (1916), the supreme court explained that, where land is conveyed to husband and wife, they do not take by "moieties," but both are seized of the entirety — the whole in contradistinction to a part:

> Neither tenant by entirety can convey his or her interest so as to affect the right of survivorship in the other. The alienation by the husband of a moiety will not defeat the wife's title to that moiety if she survive him; but, if he survive, the conveyance becomes as effective to pass the whole estate as it would had he been sole seized at the time of the conveyance. The husband may do what he pleases with the rents and profits during coverture, but he cannot dispose of any part of the inheritance, without his wife's consent.

*Id.* at 304, 187 S.W. at 325 (quoting *Roulston* v. *Hall*, 66 Ark. 305, 309, 50 S.W. 690 (1899)).

Execution against a spouse's interest in a tenancy by the entirety has long been permitted even though partition has not. *Moore* v. *Denson*, 167 Ark. 134, 139, 268 S.W. 609 (1924), held that real property owned by the husband and wife as tenants by the entirety may be sold under execution to satisfy a judgment against the husband, subject to the wife's right of survivorship. In that case, the court held that the trial court had correctly refused to quash an execution levied against the husband's interest in the property. *See also Franks* v. *Wood*, 217 Ark. 10, 13, 228 S.W.2d 480 (1950); *Pope* v. *McBride*, 207 Ark. 940, 184 S.W.2d 259 (1944). *Moore* v. *Denson* was followed in *Ellis* v. *Ashby*, 227 Ark. 479, 481, 299 S.W.2d 206 (1957). There, the court affirmed the principle that property owned by husband and wife as tenants by the entirety may be sold under execution to satisfy a judgment against the husband, subject to the wife's right of survivorship. Arkansas law was applied in *Sieb's Hatcheries, Inc.* v. *Lindley*, 111 F. Supp. 705, 716 (W.D. Ark. 1953), *aff'd,* 209 F.2d 674 (1954), where the district court stated:

Thus, a purchaser of the interest of one tenant by the entirety cannot oust the other tenant from possession, and can only claim one-half of the rents and profits. *Simpson* v. *Biffle*, 63 Ark. 289, 38 S.W. 345; *Roulston* v. *Hall*, 66 Ark. 305, 50 S.W. 690. The remaining tenant is not only entitled to possession plus one-half of the rents and profits, but the right of survivorship is not destroyed or in anywise affected. *Pope* v. *McBride, supra.*

111 F. Supp. at 716.

In *Ford* v. *Felts*, 3 Ark. App. 235, 239, 624 S.W.2d 449 (1981), we held that one spouse can lease his or her interest in an estate by the entirety; the lease, however, is subject to the other spouse's rights of survivorship and possession during his or her lifetime.

In the case before us, the circuit judge was persuaded by appellee's argument that *Lowe* v. *Morrison*, 289 Ark. 459, 711 S.W.2d 833 (1986), changed the law regarding execution against a spouse's interest in a tenancy by the entirety. Our review of that decision, however, has convinced us that it did not change the law and is entirely consistent with prior decisions. In *Lowe* v. *Morrison*, the supreme court affirmed the chancery court's dismissal of a partition action filed by the Lowes against the Morrisons. The court held that a third party with a money judgment against a husband cannot force the partition and sale of land held by the husband and wife as tenants by the entirety. In so holding, the court looked at the statutory right to partition property and the nature of tenancies by the entirety:

Partition is a statutory right. Ark. Stat. Ann. § 34-1802 (Supp. 1985) provides:

Any persons having any interest in and desiring a division of land held in joint tenancy, in common, as assigned or unassigned dower, as assigned or unassigned courtesy [curtesy], or in coparceny, absolutely or subject to the life estate of another, or otherwise, or under an estate by the entirety where said owners shall have been divorced either prior or subsequent to the passage of this Act, except where the property involved shall be a homestead and occu-

pied by either of said divorced persons, shall file in the circuit or chancery court a written petition in which a description of the property, the names of those having an interest in it, and the amount of such interest shall be briefly stated in ordinary language, with a prayer for the division, and for a sale thereof if it shall appear that partition cannot be made without great prejudice to the owners, and thereupon all persons interested in the property who have not united in the petition shall be summoned to appear.

Noticeably absent is the right to partition an estate by the entirety where the tenants are still married. An estate by the entirety is peculiar to marriage and entails the right of survivorship. The right of survivorship to the whole can only be dissolved in a divorce proceeding, by death, or by the voluntary action of both parties.

In various cases we have touched on the question raised by this suit. First the right of survivorship cannot be defeated by an outsider such as a judgment creditor. *Ellis* v. *Ashby*, 227 Ark. 479, 299 S.W.2d 206 (1957). A third person can obtain a judgment against a husband or wife and that judgment will be a lien against the debtor's interest in the land. *Franks* v. *Wood*, 217 Ark. 10, 228 S.W.2d 480 (1950). That claim cannot, however, defeat the interest of the other spouse. *Moore* v. *Denson*, 167 Ark. 134, 268 S.W. 609 (1924). Only on the death of the other spouse can that claim be perfected. *Ellis* v. *Ashby, supra.*

289 Ark. at 460-61.

■ The trial court apparently agreed with appellee that *Lowe* v. *Morrison* overruled the cases discussed above which permitted execution against a spouse's interest in a tenancy by the entirety. *Lowe* v. *Morrison*, however, did not expressly overrule the earlier decisions, and we hold that it did not implicitly do so. The rule of law that a third party may not force partition against an estate by the entirety was in effect when the cases discussed above permitted execution against interests in such estates. Since execution may occur without partition, we believe the circuit judge erred in quashing the writs of execution and garnishment against appellee's interest in property he held with his wife

as tenants by the entirety. We therefore hold that a third party may execute against a spouse's interest in a tenancy by the entirety, subject to the other spouse's continued rights of possession and survivorship, and interest in one-half of the rents and profits and reverse and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

JENNINGS, C.J., and COOPER, J., agree.