

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–247

| | |
|---|---|
| LYDIA CARTER, DARYL CARTER, AND GENE COX<br><br>APPELLANTS<br><br>V.<br><br>VICKIE ANN COX AND JAMES BANKS<br><br>APPELLEES | **Opinion Delivered** November 19, 2014<br><br>APPEAL FROM THE YELL COUNTY CIRCUIT COURT<br>[NO. CV-2012-81]<br><br>HONORABLE DAVID H. MCCORMICK, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

In this family land dispute, the court dismissed appellant Gene Cox's claim to 35.9 acres of land and gave appellee Vickie Cox sole ownership of the property. We affirm.

Vickie and her late husband, Robert, owned and lived on a seven-acre tract of land in Yell County. The adjacent 35.9 acres was owned by the Gene Cox Family Trust, of which Robert's father, Gene Cox, was trustee. On 22 May 2000, Vickie and Robert bought the 35.9 acres from the trust for $21,000. The warranty deed conveyed the property to them as husband and wife, making them presumptive tenants by the entirety under Arkansas law. *Cloud v. Brandt*, 370 Ark. 323, 259 S.W.3d 439 (2007).

I.

In 2006, Gene moved in with Vickie and Robert. Gene gave them $24,000, which he claims was to re-purchase the 35.9 acres under an agreement with Robert. Vickie's version of events is that Gene gave her the $24,000 for safekeeping when he closed his



checking account after a divorce. She said that she doled the money out to him in bits and pieces when he asked for it and that he used the money to buy personal items for himself, like a pick-up truck.

Gene eventually built a house near Vickie and Robert. The record is conflicted on whether the house was built on the seven-acre tract or the 35.9-acre tract.

Robert was diagnosed with dementia in late 2009 and went missing in February 2011. Shortly before his diagnosis, he gave his sister, appellant Lydia Carter, power of attorney to transact his business. After Robert disappeared, Lydia used her authority to draft a deed in February 2012 conveying Robert's "undivided one-half interest" in the 35.9 acres to Gene. Vickie did not join in or consent to the deed.

In September 2012, Robert was declared legally dead by court order. Vickie, as the surviving tenant by the entirety, asserted full ownership of the couple's real property, including the 35.9 acres. She leased the acreage to appellee James Banks for hay-cutting. Gene claimed an interest in the property under a February 2012 power-of-attorney deed and his alleged purchase of the property for $24,000. Vickie and Mr. Banks sued to settle the ownership question. Gene counterclaimed.

After a bench trial, the circuit court determined that Vickie became the fee-simple owner of the 35.9 acres as the surviving tenant by the entirety upon Robert's death. The court ruled that the power-of-attorney deed did not destroy the tenancy by the entirety, that Gene failed to prove an agreement that Robert and Vickie intended to reconvey the property, and that Gene failed to prove that he bought the property for $24,000.

2



Additionally, the court declared that Gene's counterclaim was barred by the statute of limitations. The court ruled for Gene on the point that he could live in the house he had built for the rest of his life, which Vickie agreed to before the litigation started. Gene, Lydia, and Daryl appealed.

## II.

The standard of review on appeal from a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Welsh v. Mid-South Bulk Servs., Inc.*, 2011 Ark. App. 728. Findings are clearly erroneous when, although there is evidence to support them, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *City of Jacksonville v. Nixon*, 2014 Ark. App. 485, ___ S.W.3d ___. We give due deference to the superior position of the circuit court to determine the credibility of witnesses and the weight to be given their testimony. *Welsh, supra*.

Applying these standards, there is no clear error in the circuit court's decision that Vickie and Robert owned the 35.9 acres as tenants by the entirety. An estate by the entirety is peculiar to marriage and entails the right of survivorship. *Lowe v. Morrison*, 289 Ark. 459, 711 S.W.2d 833 (1986). A spouse's right of survivorship in real property can only be dissolved by a divorce proceeding, death, or the voluntary action of both parties. *Butcher v. Beatty*, 2010 Ark. 130; *Lowe, supra*. The February 2012 power-of-attorney deed, executed while Robert was still alive, did not destroy Vickie's survivorship right in the 35.9 acres by any of these means. Her right of survivorship ripened into sole ownership upon Robert's

3

death in September 2012. She then acquired full ownership of the 35.9 acres, and Gene took nothing by the power-of-attorney deed.

Regarding Gene's argument that he had an equitable interest in the 35.9 acres and was entitled to various equitable remedies, he testified that he paid $24,000 to re-purchase the land, paid taxes on it, and built a house on it. Gene's contention that he built his house on the 35.9 acres lends some support to his claim to an equitable interest in the property, but he offered no dollars-and-cents proof that his house increased the value of the land. And as we have mentioned, the evidence is fuzzy on whether the house was even built on the 35.9 acres in the first place. In any event, the court found his testimony disputed and lacking in credibility. Facts in dispute and determinations of credibility are solely within the province of the fact-finder. *City of Jacksonville*, *supra*.

To round out our discussion, we decline Gene's invitation to remand based on the Betterment Statute, Ark. Code Ann. § 18-60-213 (Repl. 2003), because the argument was not made below. *Joshlin Bros. Irrigation v. Sunbelt Rental, Inc.*, 2014 Ark. App. 65. Nor will we address Gene's argument that Robert acted as Vickie's agent in agreeing to reconvey the property because it was not previously raised and ruled upon. *Id.*

III.

The circuit court's order is affirmed. Given our holding, we do not need to address the court's ruling that Gene's claim was barred by the statute of limitations.

Affirmed.

HIXSON and WOOD, JJ., agree.

*Orvin W. Foster*, for appellants.

*The Streett Law Firm, P.A.*, by: *Alex G. Streett*, *James A. Streett*, and *Robert M. Veach*, for separate appellee Vickie Ann Cox.